IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


BRENDA J. PERKINS, Individually and
on Behalf of all the Heirs at Law and
Wrongful Death Beneficiaries of
JERALDINE JOHNSON, Deceased                          PLAINTIFF


VS.                        CIVIL ACTION NO. 3:09-cv-588-WHB-LRA


CENTENNIAL HEALTHCARE CORP.;
McCOMB EXTENDED CARE, LLC;
CENTENNIAL HEALTHCARE PROPERTIES, LLC;
SELECT SPECIALTY HOSPITAL-JACKSON, INC.;
and JOHN DOES 1-10                                  DEFENDANTS


<u>OPINION AND ORDER</u>

This cause is before the Court on the Motion and Amended
Motion of Defendant, Select Specialty Hospital-Jackson, Inc., to
Dismiss.  Having considered the Motions, Response, Rebuttal, as
well as supporting and opposing authorities, the Court finds the
Motions should be granted in part, and presently denied in part.


I.  Factual Background and Procedural History

On August 10, 2009, Plaintiff, Brenda Perkins ("Perkins"),
filed a lawsuit in state court alleging fraud and medical
malpractice-based claims including negligence/gross negligence and
breach of fiduciary duties against Centennial Healthcare
Corporation ("Centennial Healthcare"), and Cleveland Nursing and
Rehabilitation Center, LLC ("Cleveland").  All of Perkins's claims

arose from allegations that her decedent, Jeraldine Johnson ("Johnson"), had been improperly treated while a resident at McComb Extended Care, and subsequently died because of negligent acts and/or omissions on the part of the named defendants. Perkins's lawsuit was removed to this Court on the basis of diversity of citizenship jurisdiction, and the Court previously found it could properly exercise subject matter jurisdiction in this case on that basis. See Opinion and Order [Docket No. 44].

On October 13, 2009, Perkins filed an Amended Complaint withdrawing Cleveland, and adding McComb Extended Care, LLC ("McComb"), and Centennial Healthcare Properties, LLC ("Centennial Properties"), as defendants.[1] Perkins also amended her complaint to include a claim of piercing the corporate veil, which is predicated on allegations that McComb and Centennial Properties are mere corporate shells or alter egos of Centennial Healthcare and, as a result, McComb, Centennial Properties, and Centennial Healthcare are responsible for the actions of McComb as well as their own negligence. Centennial Healthcare was later dismissed through an Agreed Judgment of Dismissal. See [Docket No. 12].

On December 29, 2009, Perkins filed a motion seeking to again amend her complaint to add Select Specialty Hospital – Jackson, Inc. ("Select"), as a defendant. Orders granting Perkins's motion

_____

[1] Cleveland was later dismissed from the lawsuit with prejudice. See Final Order of Dismissal [Docket No. 9].

2

to amend and granting her seven days in which to file a second amended complaint were entered on January 29, 2010. Perkins did not file a second amended complaint within the time period permitted by the Court.

On May 19, 2010, Perkins filed another motion again seeking leave to amend her complaint to add Select as an additional defendant. The motion was granted on May 21, 2010, and Perkins's Second Amended Complaint was filed on June 23, 2010. <u>See</u> [Docket No. 49]. In her Second Amended Complaint, Perkins alleges that "from approximately May 1, 2007 until November 1, 2007, [Johnson] was a resident of Extended Care Nursing Rehabilitation, a skilled nursing facility located at McComb, Pike County, Mississippi, and suffered personal injuries and damages while a resident there." <u>See</u> Second Am. Compl. at ¶ 2. Perkins further alleges that "[o]n or about July 2007 Johnson ... was admitted to [Select]" and that "[o]n or about May 1, 2007, Johnson ... was admitted to [McComb], and she remained a resident of the nursing home until on or about May 1, 2007." <u>Id.</u> at ¶¶ 12, 13. According to Perkins, although the defendants "were aware of Johnson's needs and represented that they could adequately care for her", they failed to provide proper care which resulted in her developing physical conditions including, but not limited to, malnutrition, dehydration, lacerations, and multiple pressure sores. <u>Id.</u> at ¶ 16. These physical conditions allegedly caused Johnson to suffer unnecessary

pain, mental anguish, and disfigurement, and caused and/or contributed to her death on November 1, 2007.  <u>Id.</u> at ¶¶ 17, 62. Based on these allegations, Perkins seeks to recover both survival and wrongful death damages through claims based on medical malpractice and fraud.  Perkins also re-alleged her piercing the corporate veil claim.  Select has now moved for the dismissal of Perkins's Second Amended Complaint.

## II.  Discussion

Select has moved for the dismissal of Perkins's Second Amended Complaint by first arguing that it was not properly joined as a defendant under Rule 15(c) of the Federal Rules of Civil Procedure, and therefore the claims alleged against it in the later pleading cannot relate back to the original complaint.  Select further argues that as the claims alleged against it in the Second Amended Complaint do not relate back to the original complaint, Perkins's claims against it are barred by the applicable statutes of limitations.

In the case *sub judice*, Perkins has alleged fraud and medical malpractice-based claims including negligence/gross negligence and breach of fiduciary duties against Select.  As regards the medical malpractice-based claims, they are governed by a two-year statute of limitations.  <u>See</u> Miss. Code Ann. § 15-1-36(1) (providing, in relevant part: "[N]o claim in tort may be brought against a

4

licensed physician ... , hospital, institution for the aged or infirm, nurse, ... for injuries or wrongful death arising out of the course of medical, surgical or other professional services unless it is filed within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered."). The two-year statute of limitations is tolled for sixty days in cases in which the statutorily required pre-suit notice is provided.[2] See Scaggs v. GPCH-GP, Inc., 931 So. 2d 1274, 1277 (Miss. 2006) (finding that "whenever a plaintiff files the statutorily required sixty days of notice, the time to file an action is effectively extended by sixty days."); Miller v. Myers, 38 So. 3d 648, 654 (Miss. Ct. App. 2010) (finding that "the two-year medical-malpractice limitations period in Mississippi Code Annotated section 15-1-36(2) effectively becomes a two-year and sixty[-]day statute of limitations if the plaintiff serves notice of intent to file a claim within the limitation period.")(internal citations omitted).

In the case *sub judice*, Perkins has alleged medical malpractice-based survival claims, which are claims that Johnson could have brought had she survived. With regard to these claims,

---

[2]  Mississippi Code Annotated Section 15-1-36(15) provides:

"No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action...."

the statute of limitations began sometime between May 1, 2007, and November 1, 2007, i.e. during the time period Johnson was at McComb or Select, but before her death.  As Perkins provided pre-suit notice as required by Mississippi Code Annotated Section 15-1-36(15) within the two-year period following the accrual of her survival claims,[3] the statute of limitations with regard to these claims would have expired, at the latest, on December 31, 2009, that is at the end of the two-year and sixty-day statute of limitations.  With regard to Perkins's wrongful death claim, to the extent it is predicated on her alleged medical malpractice-based claims, the statute of limitations began on November 1, 2007, the date of Johnson's death, and expired on December 31, 2009, again at the end of the two-year and sixty-day statute of limitations. Thus, to be timely, Perkins was required to file her medical malpractice-based claims against Select on or before December 31, 2009.  The record shows, however, that the Second Amended Complaint, by which Select was first added as a defendant, was not filed until June 23, 2010.  Accordingly, the issue before the Court is whether the claims alleged against Select in the Second Amended Complaint relate back to the original complaint filed by Perkins on August 10, 2009.

---

[3]  See Resp. to Mot. to Dismiss [Docket No. 36], Ex. A (Notice of Claim to McComb Extended Care, Centennial Healthcare Association, and Cleveland Nursing Rehabilitation Center, LLC, which is dated May 26, 2009).

"Relation back" is governed by Rule 15(c) of the Federal Rules of Civil Procedure, which provides:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c).  Thus, under Rule 15(c)(1)(A), Perkins's Second Amended Complaint would relate back to her original complaint if "the law that provides the applicable statute of limitations allows relation back." Here, the law that provides the applicable statute of limitations on Perkins's medical-malpractice claims is Mississippi Code Annotated Section 15-1-36(1), and that statute does not provide relation back. See e.g. Wilner v. White, 929 So. 2d 315 (Miss. 2006)(applying Mississippi Rule of Civil Procedure 15 to determine whether the plaintiff's medical malpractice claims, which were first alleged against defendants that had been newly named in an amended complaint, related back to

the original complaint, and finding that because the amended complaint had been filed after the statute of limitations expired, the plaintiff's claims were subject to dismissal as untimely); Santangelo v. Green, 920 So. 2d 521 (Miss. Ct. App. 2006)(same). Accordingly, the Court finds that Perkins's Second Amended Complaint does not relate back to her original complaint under Rule 15(c)(1)(A).

Under Rule 15(c)(1)(B), Perkins's Second Amended Complaint would relate back to her initial complaint if "the amendment asserts a claim ... that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Here, in her original complaint, all of Perkins's claims were predicated on allegations that Johnson had received improper care while a resident at McComb. In her Second Amended Complaint, Perkins now alleges, for the first time, that Johnson also received improper care while she was a patient/resident at Select. As McComb and Select are distinct healthcare providers, and as the claims against Select do not arise out of the conduct that was alleged in the original complaint, the Court finds that Perkins's Second Amended Complaint does not relate back to her original complaint under Rule 15(c)(1)(B).

Finally, under Rule 15(c)(1)(C), Perkins's Second Amended Complaint would relate back to her initial complaint if the "amendment changes the party or the naming of the party against

8

whom a claim is asserted"; "if Rule 15(c)(1)(B) is satisfied"; and "if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment received such notice of the action that it will not be prejudiced in defending on the merits and knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Here, although Select was added as a defendant through the Second Amended Complaint, there has been no showing, as discussed above, that Rule 15(c)(1)(B) has been satisfied.  Additionally, there has been no showing that Select, within the 120 days following the filing of the original complaint, received notice of the action, and knew or should have known that a lawsuit would be brought against it "but for a mistake concerning [its] identity."  Accordingly, the Court finds that Perkins's Second Amended Complaint does not relate back to her original complaint under Rule 15(c)(1)(C).  The Court additionally finds that as Perkins's Second Amended Complaint does not relate back to her original complaint under Rule 15(c), that the medical malpractice-claims alleged against Select in the amended pleading are barred by the applicable statute of limitations.  As such, the Court finds that the Motions of Select to Dismiss the Second Amended Complaint, to the extent they seek the dismissal of Perkins's medical malpractice-based claims, should be granted.

In her Second Amended Complaint, Perkins also alleges a claim of fraud against Select.[4]  Under Mississippi law, claims of fraud are governed by a three-year statute of limitations.  <u>See</u> <u>Stephens v. Equitable Life Assur. Society of U.S.</u>, 850 So. 2d 78, 81 (Miss. 2003)("The applicable statute of limitations is found in Miss. Code Anno. § 15-1-49 , which imposes a three year limitation on claims of fraud.").  In the case *sub judice*, the statute of limitations on Perkins's fraud-based survival claims would have begun sometime between May 1, 2007, and November 1, 2007, and expired, at the latest, on November 1, 2010.  With regard to Perkins's fraud-based wrongful death claim, the statute of limitations began on November 1, 2007, and expired on November 1, 2010.  As Perkins's Second Amended Complaint was filed on June 23, 2010, which is within the applicable three-year statute of limitations, the Court finds no basis for dismissing this claim as untimely.

The Court finds, however, that Perkins has failed to plead her claim of fraud as required under law.  On the issue of state-law fraud claims, the United States Court of Appeals for the Fifth Circuit has held that they are subject to the pleading requirements of Rule 9(b), which provides, in relevant part:  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  <u>Dorsey v. Portfolio Equities,</u>

---

[4]  Select has not provided any argument in its motions as to the reason(s) Perkins's fraud claim is subject to dismissal.

Inc., 540 F.3d 333, 338–39 (5th Cir. 2008) (quoting FED. R. CIV. P. 9(b)).   The Fifth Circuit has interpreted Rule 9(b) strictly thereby "requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Id. at 339.   In other words, "Rule 9(b) requires the complaint to set forth 'the who, what, when, where, and how' of the events at issue." Id. (quoting ABC Arbitrage Pls. Group v. Tchuruk, 291 F.3d 336, 350 (5th Cir. 2002)).

In the case *sub judice*, with respect to her fraud claim, Perkins alleges:

> Defendants, while claiming or implying special knowledge, concealed and/or misrepresented material facts to Jeraldine Johnson and her family.   There was a false representation when the Defendants specifically misrepresented that they could and would provide twenty four hour a day nursing care and supervision to Geraldine Johnson, when, in fact, Defendants knew that they would not do so and they were not sufficiently staffed or supplied to do so.

Seconded Am. Compl. at ¶ 45. Perkins further alleges:

> Defendants misrepresented the material fact that they were willing to, and would, provide the proper care, treatment, and services to Jeraldine Johnson, when in fact, Defendants knew that they would provide as little care, treatment, and services as possible in order to maximize Defendants' profits at the expense of Geraldine Johnson.

Id. at ¶ 47.

Having reviewed the allegations in the Second Amended
Complaint, the Court finds that while Perkins may have identified
statements she contends were false, and may have provided some
explanation as to the reason the statements were fraudulent, she
has not identified the individual that made the statement, and has
failed to provide any information as to where or when the statement
was made as required under the heightened pleading standard of Rule
9(b). As such, Perkins's fraud claim would be subject to dismissal
under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The
Fifth Circuit, however, has instructed that before dismissing a
fraud claim based on pleading deficiencies, a plaintiff should
ordinarily be granted leave to amend the claim for the purpose of
curing those deficiencies. See e.g. Hart v. Bayer Corp., 199 F.3d
239, 248 n.6 (5th Cir. 2000)(instructing that "a plaintiff's
failure to meet the specific pleading requirements [of Rule 9(b)]
should not automatically or inflexib[ly] result in dismissal of the
complaint.... Although a court may dismiss the claim, it should not
do so without granting leave to amend, unless the defect is simply
incurable or the plaintiff has failed to plead with particularity
after being afforded repeated opportunities to do so.")(alterations
in original)(citations omitted). As required under Fifth Circuit
precedent, the Court will grant Perkins leave to amend her fraud
claim against Select so as to comply with the heightened pleading

requirements of Rule 9(b).[5]  Perkins is specifically warned that in the event she fails to amend her fraud claim within the time period specified by the Court, her fraud claim against Select will be dismissed without further notice to her.

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion and Amended Motion of Defendant Select Speciality Hospital-Jackson, Inc., to Dismiss Second Amended Complaint [Docket Nos. 58 & 60] are hereby granted in part and denied in part.

To the extent the subject Motions sought the dismissal of Plaintiff's medical malpractice-based claims including negligence (Count One), medical malpractice (Count Two), gross negligence (Count Three); and breach of fiduciary duties (Count Five), the Motions are granted.

---

[5]  This is the second time Perkins has been granted leave to re-allege her fraud claim because of her failure to satisfy the heightened pleading requirement of Rule 9.  The Court previously ordered Perkins to re-allege, with the required specificity, her fraud claim against McComb and Centennial.  See Opinion and Order [Docket No. 44].  In that Opinion and Order, Perkins was warned that a failure to re-plead would result in the dismissal of her fraud claim.  Perkins never re-pleaded her fraud claim against McComb and Centennial, and that claim was later dismissed as to them.  See Opinion and Order [Docket No. 62].

Although Perkins failed to re-plead her fraud claim against McComb and Centennial, she has not previously been granted leave to re-plead her fraud claim against Select.  The Court finds, consistent with Fifth Circuit precedent, that such leave should be presently be granted.

To the extent the subject motions sought the dismissal of Plaintiff's fraud claim (Count Four), the Motions are presently denied.

IT IS FURTHER ORDERED that Plaintiff is hereby granted leave of Court to amend her fraud claim so as to comply with the heightened pleading requirement of Rule 9(b).  Plaintiff is specifically warned that in the event she fails to amend her fraud claim on or before November 12, 2010, that claim will be dismissed without further notice to her.

SO ORDERED this the 4th day of November, 2010.


                              s/ William H. Barbour, Jr.
                              UNITED STATES DISTRICT JUDGE

14